**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD J. VIEIRA,

    Plaintiff,

vs.

J.S. WOODFORD, Warden; LARRY MILES, LARRY MAASSEN, and JOHN DOES,

    Defendants.

No. C 02-3374 PJH (PR)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    This is a civil rights case filed pro se by a state prisoner. Plaintiff contends his equal protection rights were violated when he was not paid for a year for working as a porter on his exercise yard, when the porters on other yards were paid. The amount at issue is less than $240.00.

    In the initial review order the court dismissed the claims against defendant Woodford and the official capacity claims against the other defendants. Service was ordered on defendants "Mills" and Maassen. The marshal's return of service showed that Maassen has retired from state service and moved out of state. The return for defendant "Mills" said that no such person works or has worked in the accounting office at San Quentin. Plaintiff filed an amended complaint in which he stated that the correct name for the defendant who he named as "Mills" was "Miles." The court ordered that service be attempted on Larry Miles. Service was returned with a notation that no such person works or has worked at San Quentin. The court, noting that it is plaintiff's responsibility to provide directions for service, issued an order for plaintiff to show cause why the case should not be dismissed for failure to obtain service. In response, plaintiff moved for leave to file a supplemental

complaint in which he claimed that the proper defendant was "A. Miles."  The court allowed the supplemental complaint and ordered service on A. Miles.  The summons was returned executed.  Miles has filed a motion for summary judgment.  Plaintiff has opposed it and filed a motion to compel discovery and a request to delay ruling until discovery is complete.

## DISCUSSION

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Id.*

Miles has provided an affidavit and records that show he did not work for the Department of Corrections at the time plaintiff was not being paid for being a yard porter.  He thus could not be liable.  Nothing in plaintiff's response to the motion shows that there is a genuine issue of material fact on this point.

Plaintiff has also filed a combined motion to compel discovery and to stay ruling on the motion for summary judgment.

Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to

2

1 justify the party's opposition, the trial court may deny the motion for summary judgment or
2 continue the hearing to allow for such discovery.  *See* Fed. R. Civ. P. 56(f); *Margolis v.*
3 *Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).  In making a Rule 56(f) motion, a party opposing
4 summary judgment must make clear "what information is sought and how it would preclude
5 summary judgment."  *Id.* at 853-54.

6     The discovery plaintiff seeks is not directed to whether Miles worked for the
7 Department of Corrections in 2001.  Plaintiff has failed to show that he is entitled to delay of
8 the ruling to allow more discovery.  The request for a stay of the ruling will be denied and
9 the motion for summary judgment will be granted.

10     Plaintiff's discovery requests that are the subject of his motion to compel all relate
11 to finding an address at which defendant Maassen could be served and the names of other
12 possible defendants.  As noted above, the summons directed to Maassen was returned
13 with a notation that he has retired and moved out of the state.  He thus is probably beyond
14 this court's jurisdiction for service purposes.  In any event, the motion to compel will be
15 denied as moot because with the grant of summary judgment there is no longer any
16 defendant to whom an order could be directed.

17     **CONCLUSION**

18     Defendant Miles' motion for summary judgment (document number 38) is
19 **GRANTED**.  Plaintiff's motions to stay ruling (documents number 40 and 41) and his
20 motion to compel (document number 40) are **DENIED**.  Plaintiff's claims against Maasen
21 are **DISMISSED** without prejudice for failure to obtain service.  *See* Fed. R.Civ.P. 4(m).
22 The clerk shall close this case.

23     **IT IS SO ORDERED**.
24 Dated: March 20, 2006.

26 G:\PRO-SE\PJH\CR.02\VIEIRA374.SJ     PHYLLIS J. HAMILTON
    United States District Judge

United States District Court
For the Northern District of California

3